

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | |
|---|---|
| NIKKI GOODLOE INGRAM BEY, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | )   Civil Action No. 3:23-cv-736-CLS |
| vs. | ) |
| | ) |
| REGIONAL ACCEPTANCE CORPORATION, | ) |
| | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION

Plaintiff, Nikki Goodloe Ingram Bey, filed this *pro se* action asserting state law claims of "fraud and deceit" on June 7, 2023.  The case is before the court on plaintiff's motions to proceed *in forma pauperis* (doc. no. 3) and for default judgment (doc. no. 4).  Defendant, Regional Acceptance Corporation, appears specially to oppose the motion for default judgment, and, also moves for sanctions.  Doc. no. 5.[1]

### I.  PLAINTIFF'S MOTIONS

Motions to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915(a)(1).  That provision permits the court to authorize the commencement of a suit without

---

[1] There is no evidence in the record that plaintiff served the complaint on defendant in compliance with Federal Rule of Civil Procedure 4.  That fact alone could justify dismissal of this action, but there are other, more compelling, reasons to dismiss plaintiff's complaint, as discussed herein.

prepayment of fees upon the party's submission of an affidavit, including a statement of all assets, in support of the party's inability to pay the required fee. Plaintiff has submitted such an affidavit, substantiating her inability to pay, stating that she was last employed during June of 2022, and that she has no income or assets. Accordingly, the court finds that the motion is due to be granted.

Even so, a case in which the court permits a plaintiff to proceed without prepayment of fees still must be dismissed if the court determines that the action is "frivolous or malicious," or that the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). Therefore, the court is obligated to review the present complaint with those standards in mind.

As an initial matter, the court observes that this is the ***fourth*** action that plaintiff has filed based upon the same operative facts. The first action was filed on September 16, 2022. *See Ingram Bey v. Regional Acceptance Corporation*, Civil Action No. 3:22-cv-01177-LCB. United States District Judge Liles C. Burke dismissed that case on January 18, 2023, without prejudice, for plaintiff's failure to pay the required filing fee after her motion to proceed *in forma pauperis* was denied. *Id.* (doc. no. 12).

Plaintiff filed a substantively similar complaint a few days later, on January 24, 2023, which initially was assigned to United States Magistrate Judge Herman N.

2

Johnson, Jr.  *See Ingram Bey v. Regional Acceptance Corporation*, Civil Action No. 3:23-cv-00102-HNJ.   Judge Johnson reviewed the complaint and found that the claims asserted in it were frivolous, and failed to state a claim upon which relief could be granted.   The case then was reassigned to United States District Judge Madeline Hughes Haikala.[2]  *Id.* (doc. no. 4).  Judge Haikala addressed the merits of plaintiff's claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and state law claims relating to the discharge of her debt under the law of "accord and satisfaction."   Judge Haikala concluded that plaintiff's complaint was due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), because plaintiff had "not alleged claims that have arguable merit in law or fact."  *Id.* (doc. no. 6).   Judge Haikala entered an order dismissing the case on February 7, 2023.

Even so, plaintiff was not dissuaded, and she filed another complaint the following day, February 8, 2023, containing the same factual allegations, but without reference to the Fair Debt Collection Practices Act, and entitled "Complaint for Fraud and Deceit."  *See Ingram Bey v. Regional Acceptance Corporation*, Civil Action No. 3:23-cv-159-MHH.  Judge Haikala granted plaintiff's request to proceed *in forma pauperis*, but found that plaintiff's demand for damages — $45,000 "[f]or Fraud Deceit Harassment,"  $10,000 for "Threats of Repossession," and an unspecified

---

[2] Judge Johnson determined that he would not be able to timely obtain consent to the exercise of dispositive jurisdiction.

amount of court costs and fees — did not meet the jurisdictional threshold for state law claims to proceed in federal court under 28 U.S.C. § 1332.  Judge Haikala found that, "[e]ven assuming a liberal award of costs and fees, the amount in controversy in this case does not exceed $75,000."  *Id.* (doc. no. 4), at 3.  Accordingly, she dismissed the case for lack of jurisdiction on May 23, 2023.  *Id.* (doc. no. 5).

Two weeks later, on June 7, 2023, plaintiff filed the present complaint.  It is identical to the one dismissed by Judge Haikala on May 23rd, except that plaintiff demanded $100,000 as damages for "Fraud Deceit Harassment."[3]

Turning now to evaluation of the present complaint under § 1915(e)(2), this court will begin by observing that federal district courts are tribunals of limited jurisdiction, and may hear only cases authorized by the Constitution or statute. *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994) (citations omitted); *see also, e.g.*, *University of South Alabama v. The American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (observing that federal courts may "'hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress") (quoting *Taylor v. Appleton*, 30 F.3d

---

[3] Doc. no. 1, at ECF 7.  **NOTE**: "ECF" is an acronym formed from the initial letters of the name of a filing system that allows parties to file and serve documents electronically (*i.e.*, "Electronic Case Filing").  When the court cites to pagination generated by the ECF header, it will, as here, precede the page number(s) with the letters "ECF."

1365, 1367 (11th Cir. 1994)).  Accordingly, an "Article III court must be sure of its own jurisdiction before getting to the merits" of any action.  *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 88-89 (1998)).

To invoke the subject-matter jurisdiction of this court, a complaint must either allege the presence of a federal question under 28 U.S.C. § 1331,[4] or demonstrate that the citizenship of the plaintiff is different from the citizenship of every defendant, and, that the amount in controversy exceeds $75,000 (*i.e.*, "diversity of citizenship jurisdiction" under 28 U.S.C. § 1332).[5]  "[T]he burden to establish the existence of federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005).

Here, the requirement that the parties be citizens of different states is satisfied; and, on the face of the complaint, so also is the amount in controversy.  However, plaintiff's damages demand does not end the inquiry.  The general rule federal district courts follow in order to determine whether the amount in controversy has been satisfied is: "the sum claimed by the plaintiff controls *if the claim is apparently made in good faith*.  It must appear to a legal certainty that the claim is really for less than

---

[4] "The district courts shall have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

[5] *See, e.g.*, *Palmer v. Hospital Authority of Randolph County*, 22 F.3d 1559, 1564 (11th Cir. 1994) (citing *Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267, 2 L. Ed. 435 (1806)).

the jurisdictional amount to justify dismissal." *St. Paul Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (emphasis supplied).  In this case, the court cannot conclude that plaintiff's claim for the total sum of $110,000 in damages ($100,000 for "fraud deceit harassment," and $10,000 for "threats of repossession") was made in good faith.  After plaintiff's February 8, 2023 complaint was dismissed for lack of subject-matter jurisdiction — *i.e.*, for failing to meet the jurisdictional amount — she filed an identical complaint, but changed her damages demand for fraud, deceit, and harassment from $45,000 to $100,000, without explanation or justification.  The court can only conclude that the change was made solely in an attempt to meet the jurisdictional threshold.  That does not  demonstrate good faith.  Notably, in earlier iterations of her complaint, plaintiff sought the total sum of $25,000 for the claims she asserts in the present action.[6]  Based upon the foregoing, the court finds that it appears to a legal certainty that plaintiff's claims are for less than the jurisdictional amount, and her complaint is due to be dismissed.

Further, because this action will be dismissed, plaintiff's motion for default judgment is due to be denied as moot.[7]

---

[6] *See Ingram Bey vs. Regional Acceptance Corporation*, Civil Action No. 3:22-cv-01177-LCB; *Ingram Bey vs. Regional Acceptance Corporation*, Civil Action No. 3:23-cv-00102-MHH.

[7] Additionally, as defendant correctly points out in its opposition to the motion for default judgment, plaintiff failed to comply with Federal Rule of Civil Procedure 55.

6

## II.  DEFENDANT'S MOTION FOR SANCTIONS

Defendant asks the court to impose monetary and non-monetary sanctions against plaintiff pursuant to Federal Rule of Civil Procedure 11(c), because plaintiff knowingly filed a meritless action.  In the ordinary course, a plaintiff would be given the opportunity to respond to such a motion.  *See* Fed. R. Civ. P. 11(c)(1) ("If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction . . . .").  Here, however, the court concludes, upon review of the record as a whole, that Rule 11 sanctions are not justified.

In order for sanctions to be imposed, a court must determine that a party violated Rule 11(b).  That subsection requires a party, whether represented or *pro se*, to certify, to the best of her belief, that a pleading or other submission: (1) is not presented for an improper purpose such as harassment; (2) the claims presented are not frivolous; and (3) there is evidentiary support for the factual contentions.  *See* Fed. R. Civ. P. 11(b).[8]

Defendant contends that plaintiff should be sanctioned because she filed the present action with knowledge that the court found, in the second of her lawsuits, that her claims lacked merit.  That is true, but only with respect to her claims under the

---

[8] Although not relevant here, the rule also requires that denials of factual contentions be warranted.  Fed. R. Civ. P. 11(b)(4).

Fair Debt Collection Practices Act and her state law contract claim. While plaintiff's third complaint was based upon the same operative facts, Judge Haikala considered that complaint to assert a claim for fraud — a claim which had not been addressed in the opinion dismissing plaintiff's second complaint. The third complaint was dismissed for plaintiff's failure to establish subject-matter jurisdiction, and the opinion did not address the merits of plaintiff's fraud claim. Thus, the court cannot conclude that plaintiff's filing of a fourth complaint, again asserting a claim for fraud, violated Rule 11(b). For that reason, defendant's motion for sanctions is due to be denied.

Even so, pursuant to the court's inherent power and constitutional obligation to protect its jurisdiction from conduct that interferes with its ability to carry out Article III functions, plaintiff will be enjoined from filing any future complaint based upon the factual allegations contained in this and the three previously filed and dismissed complaints. *See Procup v. Strickland*, 792 F.2d 1069, 1073-74 (11th Cir. 1986) (*en banc*).

## III. CONCLUSION

In conclusion, plaintiff's motion to proceed *in forma pauperis* is due to be granted, but her complaint is due to be dismissed for the reasons stated. Plaintiff's motion for default judgment is due to be denied as moot. Defendant's motion for

sanctions pursuant to Federal Rule of Civil Procedure 11(c) is due to be denied.  A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

      **DONE** this 23rd day of October, 2023.

_____
Senior United States District Judge